UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER TAYLOR,

    Petitioner,

v.                                        Case No: 8:13-cv-0321-CEH-EAJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #11), and Petitioner's reply (Dkt. #14). Upon review, the Court concludes that the petition is without merit and should therefore be denied.

**BACKGROUND**

On January 5, 2010, Petitioner Christopher Taylor ("Mr. Taylor") pleaded guilty to one count of second degree murder with a weapon and one count of felonious possession of a firearm (Exh. 4, Dkt. #13). Pursuant to a negotiated plea agreement, the court sentenced him to a minimum mandatory 25 years in prison on the second degree murder count and to

15 years in prison with a 3-year minimum mandatory on the felonious possession count, the two sentences to run concurrently (Ex. 5-6, Dkt. #13).

On appeal, Mr. Taylor's counsel filed an *Anders*[1] brief, arguing that there were no meritorious arguments constituting reversible error (Ex. 8, Dkt. #13). Though the Florida Second District Court of Appeal gave him the opportunity to do so (Ex. 9, Dkt. #13), Mr. Taylor did not submit a *pro se* brief on his own behalf. The State submitted a brief, similar to the one filed by Mr. Taylor's counsel, stating that there was no reversible error (Ex. 10, Dkt. #13). The state appellate court per curiam affirmed Mr. Taylor's convictions and sentences, and the mandate issued on May 2, 2011 (Ex. 10, Dkt. #13). *See Taylor v. State*, 59 So. 3d 118 (Fla. 2d DCA 2011) (table).

On March 20, 2012, Mr. Taylor filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising the following grounds for relief (Ex. 12, Dkt. #13):

1. His convictions for second degree murder and felon in possession of a firearm violated the double jeopardy clause of the Fifth Amendment of the United States Constitution, and

2. Counsel was ineffective for not informing him that his convictions violated double jeopardy.

The state postconviction court summarily denied the motion (Ex. 13, Dkt. #13). Mr. Taylor appealed, and the state appellate court per curiam affirmed the postconviction court's

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

denial (Ex. 15-17, Dkt. #13). *See Taylor v. State*, 100 So. 3d 698 (Fla. 2d DCA 2012) (table).

Having exhausted his state remedies, Mr. Taylor timely filed the instant motion in which he raises the same grounds he previously raised in his Rule 3.850 motion.

## DISCUSSION

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) (superseded by statute on other grounds). Rather, "[f]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Velazquez v. Sec'y, Dep't of Corr.*, No. 8:10-cv-2253-T-33EAJ, 2011 WL 3794693, at *1 (M.D. Fla. Aug. 26, 2011) (citing *Wainwright v. Goode*, 464 U.S. 78 (1983)). "Even when a petition which actually involves state law issues is 'couched in terms of equal protection and due process,' this limitation on federal habeas corpus review is of equal force." *Id.* (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Where a state court has already adjudicated the issues raised in a habeas petition on the merits, § 2254(d) bars relitigation, subject only to the exceptions in § 2254(d)(1) and (d)(2). *Harrington v. Richter*, 562 U.S. 86, 98 (2011). A federal court may only grant relief if (1) the state decision was "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). *See Richter*, 562 U.S. at 98. "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted).

## I.     Ground One

In his first ground for relief, Mr. Taylor contends that his dual conviction for second degree murder with a firearm and felonious possession of a firearm violates double jeopardy principles, and that the state postconviction's court denial of this claim is contrary to the rule enunciated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Specifically, he opines that because (1) both convictions arose out of the same criminal transaction and (2) his conviction for the greater offense, second degree murder, could not have stood without his conviction for the lesser offense, felonious possession of a firearm, the double jeopardy clause bars prosecution of both offenses.

### A. Mr. Taylor Waived this Argument

Where a defendant pleads guilty pursuant to a negotiated plea agreement, he waives the right to raise a double jeopardy claim in a petition for habeas corpus relief. *See Dermota v. United States*, 895 F.2d 1324 (11th Cir. 1990) (holding that because "a plea of guilty and the ensuing conviction foreclose collateral attack," the defendant was precluded from raising a double jeopardy claim in his habeas petition). Similarly, under Florida law,

negotiated pleas constitute a waiver of constitutional claims. *See Novaton v. State*, 634 So. 2d 607 (Fla. 1994) (holding that a bargained-for plea waives the right to attack multiple convictions on double jeopardy grounds). Because Mr. Taylor pleaded guilty to both offenses pursuant to a negotiated plea agreement, he is foreclosed from arguing that his dual conviction violates principles of double jeopardy.[2]

### B.  Mr. Taylor's Claim Fails on the Merits

Even if Mr. Taylor had not waived the right to assert a double jeopardy claim in his § 2255 petition, he would not be entitled to relief because his argument fails on the merits. The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Among its other safeguards, the double jeopardy clause protects against multiple punishments for the same offense. *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1994). In *Blockburger*, the Supreme Court designed a test to determine whether two offenses are distinguishable enough such that multiple punishments for acts arising out of the same transaction are permissible.

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

---

[2] In his reply, Mr. Taylor cites multiple cases in support of the proposition that he did not waive the right to raise the instant argument by virtue of his guilty plea. Mr. Taylor's reliance on these cases is misplaced. He cites to *Blackledge v. Perry*, 417 U.S. 21, 29-31 (1974); *Menna v. New York*, 423 U.S. 61, 62 (1975); and *Florida v. Johnson*, 483 So. 2d 420 (Fla. 1996). These cases acknowledge an exception to the rule barring collateral attack on a guilty plea: a defendant may collaterally attack his convictions and sentences on the basis that the government did not have the power to prosecute the second charge in the first place. *United States v. Broce*, 488 U.S. 563, 574-75 (1989). As the Court explains herein, the charges brought against Mr. Taylor were not constitutionally infirm. Therefore, the cases he cites are not controlling.

284 U.S. at 304. "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes." *Moore*, 43 F.3d at 571 (citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

When the state postconviction court denied this claim, it noted that Mr. Taylor's dual convictions arose from the violation of two separate statutes that require different elements to be proven: §§ 782.04 and 790.23 of the Florida Statutes. Thus, the court concluded that there was no double jeopardy violation.

In Florida, second degree murder is defined as "the unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life. Fla. Stat. § 782.04(2). A murder sentence can be enhanced if the defendant possessed a firearm during the crime. Fla. Stat. 775.087(3). The degree of enhancement depends on whether the defendant merely possessed the firearm, used the firearm, or discharged it. § 775.087(2)(a), (3). In contrast, a person is guilty of the offense of felonious possession of a firearm if he "own[s] or has in his . . . care, custody, possession, or control any firearm" and had previously been convicted of a felony in any state or federal court. § 790.23(1), Fla. Stat.

Though both offenses share a common denominator – possession of a firearm – each offense requires proof of an element that the other does not. Notably, the felonious possession offense requires that the defendant have previously been convicted of a felony. *See* Fla. State. § 790.23. Proof of this element is not required for a second degree murder with a weapon conviction. *See* Fla. Stat. §§ 782.04(2), 775.087(3). *C.f. Marmol v. Florida*,

750 So. 2d 764, 766 (holding that a dual conviction for attempted second degree murder with a firearm and use of a firearm while committing a felony violated double jeopardy because the possession charge was entirely subsumed by the attempted murder charge); *compare* § 790.23, Fla. Stat. (felonious possession of a firearm) *with* § 790.07, Fla. Stat. (use of a firearm).

Accordingly, the state postconviction court reasonably concluded that, under *Blockburger*, Mr. Taylor was not twice put in jeopardy. There is no basis for habeas corpus relief and Ground One will be denied.

## II.   Ground Two

In his second ground for relief, Mr. Taylor alleges that counsel was ineffective for failing to advise him of the alleged double jeopardy violation, and that the state postconviction court's denial of this claim constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Taylor contends that counsel knew or should have known of the double jeopardy violation inherent to the plea agreement but failed to adequately investigate the issue and properly advise Mr. Taylor of the violation. Had counsel properly advised him, Mr. Taylor maintains, he would have rejected the plea bargain and insisted on going to trial.

The law governing ineffective assistance of counsel claims is well established. In *Strickland*, the Supreme Court announced a two-part test for analyzing whether a defendant was denied effective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

> Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. In the context of plea agreements, to satisfy the "prejudice" prong of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that the *Strickland* standard applies to pleas as well).

Under the AEDPA, the inquiry is not whether counsel's performance fell below the *Strickland* standard. *Richter*, 131 S. Ct. at 787. Rather, "[t]he pivotal question is whether the state court's application of *Strickland* was unreasonable." *Id.* Indeed, "it is a necessary premise that the two questions are different . . . and [a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

When the state postconviction court denied this claim, it did so on the basis that defense counsel could not have been ineffective for failing to inform Mr. Taylor of a violation that never occurred. In light of this Court's determination that there was no double jeopardy violation, it concludes that the state postconviction court reasonably applied *Strickland* in denying Mr. Taylor's claim. *See, e.g. Jackson v. United States*, 976 F.2d 679, 681 (11th Cir. 1992) (holding that counsel was not ineffective for failing to argue a frivolous double jeopardy claim). Just like counsel cannot be deemed deficient for failing to argue a frivolous claim, counsel cannot possibly be deemed deficient for failing to

apprise the defendant of a nonexistent issue. There is no basis for habeas corpus relief and Ground Two will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner Christopher Taylor's claims are without merit, and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is **DENIED.**

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUERIS DENIED

IT IS FURTHER ORDERED that Mr. Taylor is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Mr. Taylor "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Mr. Taylor has not made the requisite showing in these circumstances.

Finally, because Mr. Taylor is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 29th day of April, 2015, at Tampa, Florida.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel/Parties of Record